**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| MONICA HODGE, #278872, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN OF CAMILLE )<br>GRIFFIN GRAHAM )<br>CORRECTIONAL INSTITUTION, )<br>)<br>Respondent. )<br>_____) | Civil Action No. 3:11-2893-MGL-JRM<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Monica Hodge ("Hodge"), is an inmate with the South Carolina Department of Corrections serving concurrent sentences of thirty (30) years for accessory before the fact of arson, first degree, fifteen (15) years for accessory after the fact of murder, fifteen (15) years for accessory after the fact of arson, first degree, five (5) years for conspiracy to commit arson, first degree and five (5) years for conspiracy to commit murder. She filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 21, 2011.[1] Respondent filed a return and motion for summary judgment on February 21, 2012. Because Hodge is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on February 22, 2012 explaining

---

[1]Filing date under Houston v. Lack, 487 U.S. 266 (1988).

her responsibility to respond to the motion for summary judgment. Hodge filed her response to Respondent's motion on March 22, 2012.

**Background and Procedural History**

Hodge pled guilty to crimes related to the murder of her grandfather as a coverup of her forging checks on his account. Hodge's husband set fire to the victim's residence which resulted in his death.

Hodge pled guilty in Berkeley County on October 8, 2001. She was represented by Mitchell Lanier, Esquire. (Res.Mem., Ex. 2).

An Anders[2] brief was filed on Hodge's behalf by the South Carolina Office of Appellate Defense raising the following issue:

> Whether the court erred in accepting appellant's plea without conforming to the mandates of Boykin v. Alabama.

(Res.Mem., Ex. 3).

Hodge did not file a *pro se* brief pursuant to state procedure. The appeal was dismissed by the South Carolina Court of Appeals. *See* State v. Hodge, Unpub.Op.No. 2002-UP-606 (Ct.App. filed October 1, 2002). (Res.Mem., Ex. 7). Hodge did not seek further review by the South Carolina Supreme Court and the Remittitur was returned on November 1, 2002. (Res.Mem., Ex. 8).

While her direct appeal was pending, Hodge, on April 18, 2002, filed her first application for post-conviction relief. (Res.Mem., Ex. 9). The case was dismissed without prejudice by consent of counsel on August 5, 2002, based on the pendency of the direct appeal. (Res.Mem., Ex. 10).

---

[2]Anders v. California, 386 U.S. 738 (1967).

2

On March 28, 2005, two and a half years after the conclusion of the direct appeal, Hodge filed her second PCR. (Res.Mem., Ex. 11). The State filed a motion to dismiss based on the one year state statute of limitations for filing PCRs. (Res.Mem., Ex. 12). The motion was denied because the PCR court concluded that the application was filed within a year of Hodge learning that the first PCR had been dismissed. (Res.Mem., Ex. 13). A hearing was held on November 8, 2006. Hodge was represented by Alan D. Toporek, Esquire and Lester D. Schwartz, Esquire. (App. 1). The PCR court issued a written order dismissing the PCR on June 4, 2007. (App. 167).

Counsel filed a notice of intent to appeal. (Res.Mem., Ex. 21). After some confusion, a Johnson[3] petition for writ of certiorari was filed in the South Carolina Supreme Court by the South Carolina Commission on Indigent Defense raising the following issue:

> The PCR court erred in denying petitioner's allegation that counsel erred in failing to adequately advise her regarding the charge to which she was supposed to have pled guilty to and the sentencing ranges thereof, especially when counsel admitted that he indeed erred in this regard.

(Res.Mem., Ex. 29).

Hodge sent a letter to the South Carolina Supreme Court which was construed as a *pro se* brief. (Res.Mem., Ex. 32). The case was transferred to the South Carolina Court of Appeals which denied the petition for writ of certiorari on January 30, 2009. (Res.Mem., Ex. 34). No further review was sought, and the Remittitur was returned on February 19, 2009. (Res.Mem., Ex. 35).

On July 10, 2009, Hodge filed her third PCR. (Res.Mem., Ex. 36). A conditional order of dismissal was filed on March 10, 2010 because it was successive in violation of S.C.Code Ann. § 17-27-90 and untimely pursuant to § 17-27-45. (Res.Mem., Ex. 38). Hodge did not file an objection

---

[3]Johnson v. State, 364 S.E.2d 201 (S.C. 1988).

to the conditional order, and a final order of dismissal was filed on June 28, 2010. (Res.Mem., Ex. 40). Hodge's attempt to appeal was rejected by the South Carolina Supreme Court on procedural grounds. (Res.Mem., Ex. 43). The Remittitur was returned on October 28, 2010.

## **Grounds for Relief**

In her present petition, Hodge asserts she is entitled to a writ of habeas corpus on the following grounds:

**Ground One:** Ineffective Assistance of Counsel

> Supporting facts: Do not believe my attorney was ready for trial He had spent approximately 3 hours with me prior to my plea. I was told I was pleading guilty to one (1) charge, accessory before the fact of arson and that I was going to receive a sentence of ten (10) years. I had several defense that would have mitigated this case had I been properly examined by therapists.

**Ground Two:** Conflict of Intrest[sic]

> Supporting facts: My attorney had represented my co-defendant on previous criminal charges, so showed more belief in my co-defendant.

**Ground Three:** Involuntary Guilty Plea

> Supporting facts: I was told by my attorney that I was going to receive a ten (10) year sentence if I plead guilty to one (1) charge. I was told on the day of sentencing that I had (4) four other charges and I expressed my wish for a jury trial my attorney told me it was too late that he had talked with the judge and if I went against him in any way I would receive more time. That he would not prepare for trial that I would be better off taking a plea.

**Ground Four:** New Evidence

> Supporting facts: On November 22, 2006, my co-defendant gave a statement to my attorney Mr. Alan D. Toporek's investagoter.[sic] Stating that I had no involvement in the death of my grandfather. Judge Nicholson stated that this statement was considered new evidence and would not allow it in case 2005-CP-08-0609.

4

**Discussion**

Respondent asserts that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the Petitioner's conviction becomes final, not at the end of collateral review. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir.

2000). In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. Harris, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." Crawley v. Catoe, 258 F.3d at 399. A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). "When a post-conviction

petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a). Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those rare instances where–due to circumstances external to the [Petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [Petitioner]." Harris, 209 F.3d at 330. Under § 2244(d), the State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). To benefit from the doctrine of equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" preventing him from timely filing. Pace, 544 U.S. at 418. An attorney's mistake in calculating the filing date for a habeas petition relative to the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336-337 (2007) ("Attorney miscalculation [of a deadline] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). *See also* Harris, 209 F.3d at 331.

The present petition is clearly untimely. Hodge's conviction became final on November 1, 2002 when the South Carolina Court of Appeals returned the Remittitur.[4] She filed her petition in this

---

[4]Because Hodge did not seek review by the South Carolina Supreme Court, she is not entitled to the additional 90 day period to seek review by the United States Supreme Court. Martino v.
(continued...)

7

Court on October 21, 2011 when she placed it in the prison mailing system (Petition, p. 14), almost nine years after her conviction became final. Pursuant to 28 U.S.C. § 2244(d), the statute of limitations was tolled during periods when a properly filed collateral proceedings was "pending" in state court.

There was no pending collateral proceeding between November 2, 2002 and March 27, 2005 (844 days), i.e., the dates between the time the conviction became final and the filing of the second PCR. The second PCR was considered on the merits and tolled the statute of limitations. The statute of limitations began to run again on February 20, 2009 with the return of the Remittitur after the conclusion of the second PCR, and continued to run until October 21, 2011 (972 days) when the present petition was filed. Since Hodge's third PCR was rejected as successive and untimely, it was not "properly filed" and did not toll the statute of limitations. Pace v. DiGulielmo, *supra*. Both periods during which no collateral proceeding was pending is well over the statute of limitations period.

Hodge does not address Respondent's statute of limitations argument in her Roseboro response. Therefore, she has not argued that she is entitled to invoke the doctrine of equitable tolling.

**Conclusion**

Based on a review of the record, it is recommended that Respondent's motion for summary

---

⁴(...continued)
Cartledge, 2010 WL 56093, *2 (D.S.C.) Reddock v. Ozmint, 2010 WL 568870, *5 (D.S.C.); Geter v. Warden, 2010 WL 2347057, *4 (D.S.C.); Coleman v. Warden, 2011 WL 3555797, *5, n. 7 (D.S.C.).

judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

$$\text{[signature]}$$
_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina
August 2, 2012

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).