IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| MONICA HODGE, #278872 ) | Civil Action No.: 3:11-2893-MGL |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| WARDEN OF CAMILLE GRIFFIN ) | |
| GRAHAM CORRECTIONAL INSTITUTION, ) | |
| ) | |
| Respondent. ) | |
| _____ | |

On October 25, 2011, Petitioner Monica Hodge, an inmate in the South Carolina Department of Corrections, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking a reduction in her sentence or to have her conviction vacated. (ECF No.1 at 14.)  Respondent filed a Return and a Motion for Summary Judgment on February 21, 2012.  (ECF Nos.16 & 17.)  On March 22, 2012, Petitioner filed a response in opposition to the Motion for Summary Judgment.  (ECF No. 21.)  The case was referred to United States Magistrate Joseph R. McCrorey for pretrial handling and a Report and Recommendation pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02 (B)(2)(c)  for the District of South Carolina.  The Magistrate Judge issued a Report and Recommendation ("Report") on August 2, 2012, recommending that the Respondent's Motion for Summary Judgment be granted. (ECF No. 25.)  For the reasons set forth herein, this Court adopts the Report and Recommendation and Respondent's Motion for Summary Judgment is **GRANTED** and the Petition for Habeas Corpus relief is **DISMISSED.**

### BACKGROUND AND PROCEDURAL HISTORY

The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part.  Petitioner pled guilty on October 8, 2001, and is currently serving concurrent sentences of thirty (30) years

for accessory before the fact of arson in the first degree, fifteen (15) years for accessory after the fact of murder, fifteen (15) years for accessory after the fact of arson in the first degree, five (5) years for conspiracy to commit arson in the first degree, and five (5) years for conspiracy to commit murder.  (ECF No. 1 at 1.)  Petitioner filed a direct appeal on October 17, 2001.  (ECF No. 16-4.)  The South Carolina Court of Appeals dismissed Petitioner's appeal in an opinion filed October 1, 2002.  (ECF No. 16-7.)  While Petitioner's direct appeal was pending, on April 18, 2002, Petitioner filed an Application for Post-Conviction Relief ("PCR") (2002-CP-08-822), alleging conflict of interest, ineffective assistance of counsel, and involuntary guilty plea.  (ECF No. 16-9.)  The PCR application was dismissed without prejudice due to the pending appeal pursuant to an order filed August 5, 2002.  (ECF No. 16-10.)  Petitioner filed a second PCR (2005-CP-08-609) action on March 28, 2005, asserting conflict of interest, ineffective assistance of counsel, and involuntary guilty plea.  (ECF No. 16-11.)  A hearing was held on November 8, 2006, where Petitioner was represented by counsel.  (ECF No. 16-1 at 3-78, 88-163.)  The PCR court issued an order dismissing the PCR application on June 4, 2007.  (ECF No. 16-1 at 169-182.)  The matter was appealed to the South Carolina Supreme Court and then transferred to the South Carolina Court of Appeals which denied certiorari on January 30, 2009.  (ECF No.18-13.)  No further review was sought and the Remittitur was returned on February 19, 2009.  (ECF No. 18-14.)  Petitioner filed a third PCR application on July 10, 2009.  (ECF No. 18-15.)  The application was conditionally dismissed on March 10, 2010, as successive and untimely.  (ECF No. 18-17 at 3-4.)  A final order of dismissal was entered on June 28, 2010, and attempts to appeal were rejected on procedural grounds.  (ECF No. 18-19.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The Magistrate Judge recommends granting the Respondent's Motion for Summary Judgment because Petitioner's claim is barred by the one-year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d) which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Upon review of the record, the Magistrate Judge correctly concluded that the limitations period for Petitioner to file an action under § 2254 has expired and recommended dismissal of the Petition. (ECF No. 25.) Petitioner objects to the Magistrate Judge's Recommendation maintaining her belief that she filed her Petition in a timely manner. (ECF No. 26.)

## DISCUSSION

The Magistrate Judge considered the timeliness of the Petition in light of the one-year statute of limitations created by the AEDPA which begins to run on the date the Petitioner's conviction becomes final, not at the end of collateral review. (ECF No. 25 at 5.) The statute of limitations is tolled during the period that a *properly filed* application for state post-conviction relief or other collateral review is pending. 28 U.S.C. § 2244(d)(2). The statute of limitations is also subject to the doctrine of equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The equitable tolling doctrine has applied generally in two distinct types of circumstances. *Id.* As a first instance, the doctrine has been applied where the petitioner was prevented from asserting his or her claims by some wrongful conduct on the part of the respondent. In a second type, extraordinary circumstances beyond the petitioner's control made it impossible to file the claims on time. *Id.* The Fourth Circuit has noted that any application of equitable principles to relieve the "strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* This stance protects the rule of law from being lost to "whims about the adequacy of

excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation." *Id.* Consequently, "any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

Under § 2244(d), the State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing that her petition is timely or that she is entitled to the benefit of the doctrine of equitable tolling. *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002). As set forth above, to benefit from the doctrine of equitable tolling, a petitioner must show: "(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstances stood in h[er] way" preventing h[er] from timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In his analysis, the Magistrate Judge noted that there was no pending collateral proceeding between November 2, 2002, and March 27, 2005 (844 days), the dates between the time the conviction became final and the filing of the second PCR. (ECF No. 25 at 8.) While the statute of limitations was tolled while the second PCR was considered on the merits, the statute began to run again on February 20, 2009, after the conclusion of the second PCR. As the Magistrate Judge noted, 972 days expired between the conclusion of the second PCR and the date the present petition was filed. (ECF No. 25 at 8.) The third PCR was rejected as successive and untimely (ECF No. 18-17) and since it was not properly filed, it did not toll the statute of limitations.

Petitioner's response to the Report and Recommendation is a non-specific "objection" to the Magistrate Judge's finding that her habeas petition is untimely. (ECF No.

26 at 1.) Petitioner outlines the legal proceedings and process that took place between the time of conviction and the filing of the instant petition. She indicates, that she was informed by "the Law Library and my attorneys" of certain procedures she should take to pursue habeas relief and maintains that she followed these directives. (ECF No. 26 at 5-6.) She further indicated that "she was not told that the habeas had to be filed as soon as a person is convicted" and "was told that the habeas corpus is the last step that an incarcerated inmate can file." (ECF No. 26 at 6.) In essence, Petitioner claims that she was misinformed or uninformed about the process she could pursue as well as the applicable time constraints and that she was unable to get the assistance she desired from the Department of Corrections library personnel. The Court finds that this objection is merely a restatement of the issues that were set forth in her Petition and which were correctly addressed by the Magistrate Judge.

Even if Petitioner had made proper specific objections to the Magistrate Judge's Report and Recommendation, her claim for habeas relief under § 2254 would still be subject to dismissal. The Court concludes that the time allowed for tolling the Petition in accordance with 28 U.S.C. § 2244(d)(2) was limited to the period of time in which Hodge's properly filed state habeas petition remained under consideration in the state courts. An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, to include time limits upon its delivery. *Escalante v. Watson*, No. 10-7240, 2012 WL 2914239, *2-3 (4th Cir. July 18, 2012) (noting that an untimely petition would not be deemed properly filed). However, "when a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace,* 544 U.S. at 414. While the statute of limitations was

tolled during the time in which Hodge's second PCR application was considered on the merits, the clock began to run again on February 20, 2009, when the petition was dismissed and the Remittitur returned. Hodge filed her federal habeas petition on October 21, 2011, approximately 972 days after the dismissal of her "properly filed" PCR application. By this Court's calculations, Hodge's claims are clearly time-barred.

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir.2000). The Court, however, agrees with the Magistrate Judge's conclusion that Petitioner failed to address Respondent's statute of limitations argument in response to Respondent's Motion for Summary Judgment and has further failed to articulate any basis for equitably tolling the statute of limitations. In order to invoke the doctrine of equitable tolling, a petitioner must be able to point to some "extraordinary circumstance beyond h[er] control that prevented h[er] from complying with the statutory time limit." *See Harris,* 209 F.3d at 330. In this matter, Petitioner's explanations do not present the sort of "extraordinary circumstance" required to invoke equitable tolling. *Id.* Petitioner's ignorance of the law and procedure is not a basis to invoke equitable tolling; Petitioner makes no other arguments in support of her position. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir.2004) (rejecting the petitioner's arguments that he should be entitled to equitable tolling because he did not understand how the statute of limitations operated in his case). Accordingly, the Magistrate Judge was correct in finding that Petitioner's claim for relief under § 2254 is untimely.

## CONCLUSION

The Court has reviewed the Magistrate Judge's Report and is satisfied that the Magistrate Judge rightly determined that Petitioner's claim for relief under § 2254 is untimely. The Court finds Petitioner's objection to be without merit. Accordingly the Report and Recommendation is incorporated herein by reference. For the reasons set forth more fully in the thorough Report of the Magistrate Judge, Respondent's Motion for Summary Judgment is **GRANTED** and the Petition for Habeas Corpus relief is **DISMISSED.**

### Certificate of Appealability

The governing law provides that:

(c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

/s/Mary G. Lewis
United States District Judge

January 15, 2013
Spartanburg, South Carolina